Matter of Geraldine H.T. B. v Guillaume A. P. M. J. (2023 NY Slip Op 05091)

Matter of Geraldine H.T. B. v Guillaume A. P. M. J.

2023 NY Slip Op 05091

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Docket No. V-14694/19 Appeal No. 732 Case No. 2022-05815 

[*1]In the Matter of Geraldine H.T. B., Petitioner-Respondent,
v
Guillaume A. P. M. J., Respondent-Appellant.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Weil, Gothshal & Manges LLP, New York (John J. Nolan of counsel), for respondent.
Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), and Locke Lord LLP, New York (Ira G. Greenberg of counsel), attorney for child.

Order, Family Court, New York County (Anna R. Lewis, J.), entered on or about December 1, 2022, which held that New York had exclusive jurisdiction over the custody proceeding for the subject child under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), unanimously affirmed, without costs.
The Family Court properly determined that New York was the child's home state, based on the fact that the child had resided in New York for over six months prior to the mother filing for custody (see Domestic Relations Law §§ 75-a[7], 76[1][a], 76-a[1]). Contrary to the father's contentions, the mother's relocation from Morocco to escape domestic violence was not wrongful removal of the child (see Domestic Relations Law § 76-g[4], Jacquety v Baptista, 538 F Supp 3d 325 [SD NY 2021]), and her petition for custody was, therefore, properly commenced in New York. This is not contradicted by the mother having filed a divorce petition in Morocco, as that petition did not seek custody of the child. Nor did the father filing a petition for reconciliation in Morocco constitute a custody proceeding under the UCCJEA, as that filing was not made in substantial conformity with the jurisdictional requirements of the UCCJEA (see Domestic Relations Law § 76[1]; Matter of Michael McC. v Manuela A., 48 AD3d 91, 97 [1st Dept 2007], lv dismissed 10 NY3d 836 [2008]).
As a matter of New York's public policy to protect the victims of domestic abuse, Family Court's conclusion that enforcing the Moroccan judgment would subject both the mother and the child to grave risk of harm was a proper exercise of Family Court's discretion under the circumstances (see Domestic Relations Law §§ 75[2]; 75-d[3]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023